Filed: 1/23/2023 4:27 PM
Michael Gould
District Clerk
Collin County, Texas
By Rachel Bail Deputy
Envelope ID: 72059381

CAUSE NO. 471-00344-2023

| | | |
|---|---|---|
| TABBASSUM MUMTAZ, | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| v. | § | ____ JUDICIAL DISTRICT |
| | § | |
| ALLSTATE FIRE AND CASUALTY | § | |
| INSURANCE COMPANY, | § | |
| Defendant. | § | COLLIN COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE COURT:**

**COMES NOW, TABBASSUM MUMTAZ,** hereinafter referred to as Plaintiff, complaining of **ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,** hereinafter referred to as Defendant, and for cause of action would show the Court as follows:

### I.
### Discovery Control Plan

1.1     Discovery is intended to be conducted under Level III of Tex. R. Civ. P. 190. Plaintiff hopes to enter into an agreement regarding a discovery control plan specifically tailored for this case. However, if the parties cannot agree to a discovery control plan, Plaintiff requests that the court enter a discovery control plan specifically tailored for this case.

1.2     Plaintiff affirmatively pleads that this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169 because the amount in controversy is greater than $250,000. Pursuant to the requirements of Texas Rule of Civil Procedure 47, Plaintiff is seeking monetary relief of more than $250,000.00 but less than $1,000,000, including damages of any

...
...

kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. However, this amount may change as discovery progresses.

## II.
## Parties

2.1    Plaintiff resides in Frisco, Collin County, Texas.

2.2    Defendant, ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, is the insurance carrier for Plaintiff's homeowners' insurance policy. Defendant, Allstate Fire and Casualty Insurance Company, is authorized to engage in the insurance business in the State of Texas, and can be served with process by serving its registered agent, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201. Plaintiff requests that citation be issued and that Defendant be served through its registered agent at the address listed above or wherever its registered agent may be found.

## III.
## Venue and Jurisdiction

3.1    This Court has jurisdiction over the Parties to this lawsuit. This Court has subject matter jurisdiction over the controversies between the Parties. The amount in controversy is within the jurisdictional limits of this Court. All conditions precedent to bringing this action have occurred.

3.2    Venue is proper in Collins County, Texas, pursuant to Texas Civil Practices & Remedies Code § 15.002 (a) (1), et. seq. because the events giving rise to this claim occurred in Frisco, Collins County, Texas.

## IV.
## Brief Factual Background

4.1     In February 2021, there was a severe winter storm that came through Frisco, Collins County, Texas. During that storm, Plaintiff's property located at 5218 Spicewood Lane, Frisco, Texas 75034 was significantly damaged.

4.2     Due to the storm, the freezing caused cracks and openings in the caulking. With the caulking to the house being damaged, it opened the house to severe water damage.

4.3     Plaintiff has been Defendant Allstate Fire and Casualty Insurance Company's customer for numerous years. Plaintiff has homeowners' insurance and automobile insurance with Defendant. Plaintiff has rarely made claims on his policies but has consistently paid insurance premiums to Defendant.

4.4     At all relevant times, Plaintiff was protected against loss resulting from damages by an insurance policy issued by Defendant, policy number 838657490. All premiums have been paid and the policy was in effect in February 2021.

4.5     Plaintiff has received estimates for the cost to repair the damage to Plaintiff's home. However, Defendant Allstate Fire and Casualty Insurance Company has refused to pay the amount required to allow Plaintiff to be fully compensated. Therefore, Plaintiff has not been fully compensated and is entitled to compensation from the insurance policy issued by Defendant.

## V.
## Causes of Action Against Defendant

**A.     Negligence - Allstate**

5.1     The conduct of Defendant set out above constitutes negligence. Defendant, as Plaintiff's insurance carrier, owed duties to Plaintiff to exercise ordinary care with respect to the

insurance policy at issue. Defendant breached that duty of care and proximately caused Plaintiff's damages.

**B.   Breach of Contract – Allstate**

5.2   Defendant had a contract with Plaintiff. Defendant has materially breached the terms of the contract it entered into by failing to timely pay the claim presented. As a result of the material breach by Defendant, Plaintiff has suffered damages, including denial of benefits due to them under the terms of the policy and other damages including Court costs and attorney's fees.

**C.   Unfair Settlement Practices – Allstate**

5.3   Defendant's conduct is actionable under the Texas Insurance Code. Defendant failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurance liability has become reasonably clear. Plaintiff has made a demand for settlement within the policy limits and Defendant has refused to settle. Defendant has failed to attempt to settle the claim in good faith. Further, Defendant did not make a reasonable investigation of the claim.

**D.   Violation of Prompt Payment Statute – Allstate**

5.4   Defendant received all information necessary to settle this claim. However, Defendant has delayed payment of the claim.

**E.   Declaratory Judgment – Allstate**

5.5   Pursuant to Chapter 37 of the Texas Civil Practice and Remedies Code, the Declaratory Judgment Act, Plaintiff seeks a declaration from the Court that: (1) Plaintiff is entitled to coverage under the Allstate insurance policy; and (2) that Plaintiff is entitled to a payment under the Allstate insurance policy.

## VI.
## Damages

6.1   Defendant's acts and omissions caused Plaintiff to suffer damages. Plaintiff has sustained the following damages:

1. Actual damages;

2. Loss of use;

3. Decreased Market Value; and

4. Attorney's fees.

6.2   Claim is brought against Defendant as a declaratory judgment action and/or a claim for proceeds under the policy. Additionally, Defendant is liable to Plaintiff based on breach of contract and violations of the insurance code. Therefore, Plaintiff is entitled to contractual damages, damages under the insurance code, and attorney's fees.

## VII.
## Interest

7.1   Plaintiff sues to recover pre-judgment interest and post-judgment interest, as allowed by law, including interest at eighteen percent (18%) per year as damages for violating the prompt payment statute.

## VIII.
## Court Costs

8.1   Plaintiff sues to recover court costs as allowed by law.

## IX.
## Jury Demand

9.1   Plaintiff demands a jury trial.

## X.
## Conditions Precedent

10.1    All conditions precedent to Plaintiff's right to recover and to the Defendant's liability have been performed, have occurred, and/or have been waived by the Defendant.

## XI.
## Prayer

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays Defendant be cited to appear and answer herein, and request that this Court:

1. Grant judgment for Plaintiff;

2. Award actual damages which exceed the minimum jurisdictional limits of this Court;

3. Award court costs;

4. Award pre-judgment and post-judgment interests; and

5. Award such other and further relief, both legal and equitable, to which Plaintiff may be entitled.

Respectfully submitted,

HANEY PASCHAL & ROMOSER, P.C.

By: _____
P. JACOB PASCHAL
State bar No. 24065878
1300 11th Street, Suite 405
Huntsville, Texas 77340
Tel:    (936) 295 – 3712
Fax:    (936) 295 – 3714
Email: jpaschal@hmp-attorneys.com

**ATTORNEY FOR PLAINTIFF**